UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MARK CHROSCIELEWSKI,

                      Plaintiff,

- against -

DETECTIVE MILTON CALIX, Shield No. 2736,
DETECTIVE JAMES PHILLIPS, Shield No. 6889,
DIANA CHROSCIELEWSKI,
P.O. MEAGHAN FOX, Shield No. 29327,
P.O. "JOHN DOE,"
SERGEANT LOUIS FAILLA, Shield No. 01400
and THE CITY OF NEW YORK,

                      Defendants.
----------------------------------------------------------------------X

16 CV 6640 (RRM) (CLP)

AMENDED
COMPLAINT AND
JURY TRIAL DEMAND

       Plaintiff, MARK CHROSCIELEWSKI, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

       1.     This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

       2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

       3.     Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

       4.     Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for false arrest and malicious prosecution.

## VENUE

       5.     Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, MARK CHROSCIELEWSKI, was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, defendant DETECTIVE MILTON CALIX, Shield No. 2736 (hereinafter "CALIX") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant DETECTIVE JAMES PHILLIPS, Shield No. 6889 (hereinafter "PHILLIPS") was and is a natural person, employed as a detective by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant DIANA CHROSCIELEWSKI was and is a natural person, resident in the County of Queens, City and State of New York.

11. At all times relevant hereto, defendant P.O. MEAGHAN FOX, Shield No. 29327 (hereinafter "FOX") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant P.O. "JOHN DOE" was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant SERGEANT LOUIS FAILLA, Shield No. 01400 (hereinafter "FAILLA") was and is a natural person, employed as a sergeant by the Police Department of defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

15. At all times relevant hereto, plaintiff was married to, but estranged from, defendant DIANA CHROSCIELEWSKI.

16. The individual defendants are sued in their individual capacities.

17. On or about February 26, 2016, and March 8, 2016, these dates being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York verified written notices of claim setting forth the time, place, nature and manner in which said claims arose.

18. More than thirty (30) days have elapsed since the aforementioned verified notices of claim were served and the Comptroller has neglected and refused to make payment of said claims.

19. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANTS CALIX, PHILLIPS,
<u>FOX, P.O. "JOHN DOE" and FAILLA</u>
(42 U.S.C. §1983)**

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" hereinabove as if more fully set forth at length herein.

21. On or about April 2, 2015, defendant DIANA CHROSCIELEWSKI obtained an order of protection against plaintiff.

22. The aforementioned order of protection was to remain in effect until November 30, 2015.

23. On or about November 13, 2015, plaintiff lawfully took his and defendant DIANA CHROSCIELEWSKI's daughter to see a motion picture playing at a multiplex located at 242-02 61st Avenue, in the County of Queens, City and State of New York.

24. Plaintiff and his daughter arrived at the aforementioned theatre at approximately 9:13 P.M.

25. At 9:33 P.M., plaintiff's daughter received a text message from her mother, defendant DIANA CHROSCIELEWSKI, asking her which auditorium in the theatre she and plaintiff were seated in.

26. Plaintiff's daughter informed plaintiff of the message she had just received and warned him that defendant DIANA CHROSCIELEWSKI was present in the theatre and that both she and plaintiff thus needed to be careful.

27. At 10:16 P.M., plaintiff received an alert informing him that one of his telephones had made a call to 911.

28. At approximately 10:30 P.M., plaintiff and his daughter were approached by an employee of the theatre, who escorted them out of the auditorium and introduced them to two New York City police officers who were assigned, upon information and belief, to the 111th Precinct.

29. The aforementioned officers informed plaintiff that they were responding to a domestic violence call and that the police had been informed in that call that plaintiff had followed defendant DIANA CHROSCIELEWSKI and their daughter to the theatre in violation of the aforementioned order of protection.

30. The aforementioned officers went on to tell plaintiff that defendant DIANA CHROSCIELEWSKI had alleged in the telephone call that plaintiff had struck her, kicked her and pushed her onto the floor of the theatre.

31. The aforementioned allegations were false.

32. Plaintiff stated to the aforementioned police officers that the allegations they had just related to him were false and that he believed that defendant DIANA CHROSCIELEWSKI had fabricated the allegations.

33. Plaintiff explained to the aforementioned two police officers that he believed that defendant DIANA CHROSCIELEWSKI had made the false allegations because (a) the aforementioned order of protection was scheduled to expire on November 30, 2015, and because (b) the prosecution underlying the order of protection was expected to be dismissed on that date as a result of a motion brought pursuant to New York Criminal Procedure Law §30.30.

34. The aforementioned police officers spoke with employees of the theatre and with plaintiff's daughter.

35. The officers also viewed the aforementioned text messages that plaintiff's daughter had received from defendant DIANA CHROSCIELEWSKI.

36. As a result of their investigation, the two police officers declined to arrest plaintiff, apologized to him and his daughter, and left the theatre.

37. On or about November 18, 2015, defendant DIANA CHROSCIELEWSKI filed a report with P.O. Stephanie Tringali, who is not a party to this action, at the stationhouse of the 111th Precinct, regarding the November 13, 2015 incident.

38. Defendants CALIX and PHILLIPS were assigned to investigate the aforementioned report.

39. On or about November 19, 2015, defendant PHILLIPS activated an I-Card on plaintiff.

40. On or about November 20, 2015, defendant DIANA CHROSCIELEWSKI falsely and maliciously informed defendant PHILLIPS, that, on November 13, 2015, at the aforementioned movie theatre, plaintiff had approached her and pushed past her in such a manner as to cause her annoyance and alarm.

41. During defendant PHILLIPS's interview of defendant DIANA CHROSCIELEWSKI on November 20, 2015, defendant DIANA CHROSCIELEWSKI falsely and maliciously informed defendant PHILLIPS that she had not reported the alleged November 13, 2015 incident at the time it occurred because she was "shaken up about the incident."

42. Defendant PHILLIPS failed and refused to examine the records available to him that would have indicated that defendant DIANA CHROSCIELEWSKI did make a complaint to two officers assigned to the 111th Precinct on the night of the incident, which complaint resulted in a decision by the aforementioned officers not to arrest plaintiff.

43. On or about November 20, 2015, defendants PHILLIPS and CALIX went to plaintiff's home to arrest him, based on the false and malicious allegations made by defendant DIANA CHROSCIELEWSKI. However, plaintiff was not home at the time they arrived.

44. On or about November 25, 2015, defendant CALIX and P.O. Dessmond Bodon, who is not a party hereto, once again went to plaintiff's home to arrest him based on the false and malicious allegations made by defendant DIANA CHROSCIELEWSKI. However, plaintiff was not home at the time they arrived.

45. On or about November 29, 2015, defendant CALIX and P.O. Dessmond Bodon again went to plaintiff's home to arrest him based on the false and malicious allegations made by defendant DIANA CHROSCIELEWSKI. However, plaintiff was not home at the time they arrived.

46. Despite the fact that, on the evening of the alleged occurrence, the two police officers who had investigated had found no probable cause whatsoever to arrest plaintiff, defendant CALIX, on November 30, 2015, falsely and maliciously arrested plaintiff, charging him with criminal contempt in the second degree, an A misdemeanor; and harassment in the second degree, a violation.

47. Defendant CALIX swore out a criminal complaint against plaintiff and arrested him, despite never having interviewed plaintiff's daughter or his two fellow police officers who had responded to the original complaint.

48. Defendant CALIX's arrest of plaintiff was devoid of any probable cause whatsoever and was thus falsely and maliciously made.

49. Upon information and belief, it is not coincidental that earlier on November 30, 2015, all charges against plaintiff arising from an arrest that had occurred on April 2, 2015, which arrest was based upon a complaint made by defendant DIANA CHROSCIELEWSKI, were dismissed and sealed pursuant to New York Criminal Procedure Law §30.30, commonly known as New York's speedy trial act.

50. In fact, two New York City police officers, who are not parties to this action, escorted plaintiff out of the Queens County Criminal courthouse on November 30, 2015, at the direction of defendant CALIX.

51. The two aforementioned police officers drove plaintiff to the stationhouse of the 111th Precinct, where defendant CALIX effectuated the arrest of plaintiff.

52.     Plaintiff was held at the stationhouse of the 111th Precinct and at Queens Central Booking for twenty-four hours, until, on or about December 1, 2015, he was released on his own recognizance.

53.     Plaintiff appeared in Criminal Court of the City of New York, County of Queens, on December 14, 2015, for the purpose of answering the charges underlying the arrest made by defendant CALIX.

54.     On that date, both of the aforementioned charges were dismissed and sealed upon the motion of the Queens County District Attorney.

55.     Plaintiff received a certificate of disposition, with a raised seal on it, indicating that the aforementioned charges had been dismissed.

56.     Additionally, the temporary order of protection that had issued as a result of the false and malicious arrest made on November 30, 2015, was also vacated upon dismissal of the charges against plaintiff.

57.     Thus, at approximately 6:00 P.M. on December 14, 2015, plaintiff arrived at the home, located at 250-03 87th Drive in the County of Queens, City and State of New York (hereinafter "subject premises"), where he and defendant DIANA CHROSCIELEWSKI both reside.

58.     Defendant DIANA CHROSCIELEWSKI, however, refused plaintiff entry into the subject premises.

59.     Defendant DIANA CHROSCIELEWSKI placed a call to 911.

60.     Defendants FOX and P.O. "JOHN DOE," both assigned to the 105th Precinct, responded to the outside of the subject premises, where plaintiff was standing.

61. Plaintiff spoke to defendants FOX and P.O. "JOHN DOE," explaining the situation to them and showing to them both the aforementioned certificate of disposition and the temporary order of protection that had been vacated earlier in the day.

62. Defendants FOX and P.O. "JOHN DOE" proceeded to enter the subject premises, leaving plaintiff outside in the rain.

63. After several minutes, defendants FOX and P.O. "JOHN DOE" came out of the subject premises, after having spoken with defendant DIANA CHROSCIELEWSKI.

64. Defendants FOX and P.O. "JOHN DOE" maliciously and falsely stated to plaintiff that the order of protection remained in effect.

65. Plaintiff drew to the attention of defendants FOX and P.O. "JOHN DOE" that portion of the order of protection that read as follows:

> It is further ordered that this Order of Protection shall remain in force until and including 5/31/2016. If this is a Temporary Order, it shall expire on this date or upon the case's disposition, whichever comes first. Arresting officer should confirm that this Order has not been modified or vacated prior to this date.

66. Plaintiff once again pointed out to defendants FOX and P.O. "JOHN DOE" that the certificate of disposition conclusively demonstrated that the criminal prosecution had been dismissed.

67. Defendants FOX and P.O. "JOHN DOE" once again went into the subject premises, again leaving plaintiff standing outside in the rain.

68. After more than one hour had passed, defendants FOX and P.O. "JOHN DOE" once again emerged from the subject premises and informed plaintiff that defendant DIANA CHROSCIELEWSKI had not been informed by the Queens County

District Attorney's office that the order of protection had been vacated and that she had now made a new complaint against plaintiff for harassment and for violating the order.

69. Upon information and belief, defendants FOX and P.O. "JOHN DOE" had assisted and/or coached defendant DIANA CHROSCIELEWSKI in making this new false complaint.

70. Plaintiff pointed out to defendants FOX and P.O. "JOHN DOE" that nothing whatsoever in the order of protection provided that the Office of the District Attorney had to inform the person named in the order that it had been vacated. He reiterated that he had presented these two defendants with every piece of evidence they needed to determine that the order of protection was no longer in effect.

71. Defendant P.O. "JOHN DOE" told plaintiff that he had telephoned the stationhouse of the 105th Precinct and had spoken to defendant FAILLA, who had instructed him, based upon the information conveyed to him by defendant P.O. "JOHN DOE," to place plaintiff under arrest.

72. Defendant P.O. "JOHN DOE" told plaintiff that he was not an attorney and that plaintiff could tell his story to a judge.

73. Defendant FOX then falsely and maliciously arrested plaintiff and put him in handcuffs.

74. Defendant P.O. "JOHN DOE" additionally told plaintiff that the police department's computer did not reflect the fact that the charges had been dismissed and that the order of protection had been vacated and that, therefore, plaintiff should have waited several days before returning to his home.

75. Defendants FOX and P.O. "JOHN DOE" transported plaintiff to the stationhouse of the 105th Precinct.

76. Later that evening, plaintiff was taken to Queens Central Booking.

77. At approximately 10:00 A.M. on the following morning, December 15, 2015, plaintiff was released directly from Queens Central Booking without ever having to appear before a judge.

78. Plaintiff was released because the Office of the Queens County District Attorney dismissed the case against him prior to his being arraigned.

79. Defendants CALIX, PHILLIPS, FOX, P.O. "JOHN DOE" and FAILLA violated plaintiff's right to be arrested only with probable cause, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, they, without any probable cause whatsoever to do so, falsely caused him to be arrested and, so far as defendant CALIX is concerned, maliciously prosecuted him.

80. Because of the aforementioned acts committed by defendants CALIX, PHILLIPS, FOX, P.O. "JOHN DOE" and FAILLA, plaintiff suffered a deprivation of his right, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, to be arrested and prosecuted only with probable cause and, as a result, suffered, and continues to suffer, serious and permanent emotional injuries; great public humiliation; lost time and income from his employment; and incurred expenses for legal representation.

81. By reason of the aforementioned unconstitutional and illegal actions taken against him by defendants CALIX, PHILLIPS, FOX, P.O. "JOHN DOE" and FAILLA, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS CALIX <u>and THE CITY OF NEW YORK</u>
(False Arrest)

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "81" hereinabove as if more fully set forth at length herein.

83. On or about November 30, 2015, defendant CALIX instructed two New York City police officers to transport plaintiff from Criminal Court, Queens County to the stationhouse of the 111th Precinct.

84. Once plaintiff arrived at the aforementioned stationhouse, defendant CALIX, without probable cause therefor, forcibly, wrongfully and unlawfully caused plaintiff to be arrested against plaintiff's own free will.

85. Defendant CALIX, acting pursuant to the importuning of defendant DIANA CHROSCIELEWSKI, and in contravention of a decision made by other members of the New York City Police Department to not arrest plaintiff, falsely, maliciously, wrongfully, unlawfully and illegally charged him with criminal contempt in the second degree, an A misdemeanor; and harassment in the second degree, a violation.

86. At the time he committed the aforesaid act of false arrest, defendant CALIX was acting within the scope of his employment by defendant CITY OF NEW YORK.

87. By reason of the false arrest committed against him by defendant CALIX, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered, and continues to suffer, serious and permanent emotional injuries, lost time and income from his employment and incurred legal expenses.

88. As a result of the aforesaid act of false arrest committed against him by defendant CALIX, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant CALIX.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANTS CALIX and CITY OF NEW YORK
### (Malicious Prosecution)

89. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "88" hereinabove as if more fully set forth at length herein.

90. On or about November 30, 2015, defendant CALIX maliciously caused a criminal prosecution to be commenced against plaintiff by his act of falsely and maliciously arresting him and charging him with criminal contempt in the second degree, an A misdemeanor, and harassment in the second degree, a violation.

91. Defendant CALIX was without probable cause to arrest plaintiff for the crime and the violation he charged him with.

92. On or about December 14, 2015, all charges against plaintiff were dismissed in Criminal Court of the City of New York, County of Queens.

93. At the time that defendant CALIX falsely and maliciously caused the aforesaid prosecution to be commenced against plaintiff, he was acting within the scope of his employment by defendant CITY OF NEW YORK.

94. By reason of the prosecution maliciously commenced against plaintiff by defendant CALIX, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff was deprived of his liberty, lost time and income from his

employment, suffered great mental distress and anguish, was forced to defend himself in a criminal proceeding and incurred legal expenses.

95. As a result of the prosecution maliciously commenced against plaintiff by defendant CALIX, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant CALIX.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT DIANA CHROSCIELEWSKI
### (False Arrest)

96. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "95" hereinabove as if more fully set forth at length herein.

97. On or about November 13, 2015, between 9:30 P.M. and 10:00 P.M., at a movie theatre located at 242-02 61st Avenue, in the County of Queens, City and State of New York, defendant DIANA CHROSCIELEWSKI attempted to instigate plaintiff's arrest by making false statements to two New York City police officers assigned to the 111th Precinct.

98. Specifically, defendant DIANA CHROSCIELEWSKI falsely and maliciously accused plaintiff of having approached her, in violation of an order of protection, and of having made physical contact with her in such a manner as to cause her annoyance and alarm.

99. At the time that defendant DIANA CHROSCIELEWSKI made the aforementioned false statements to the two police officers, she was maliciously making

them with knowledge that they were false and was making them with the intention of having plaintiff placed under arrest.

100. At the time she made the aforementioned false and malicious statements about plaintiff, defendant DIANA CHROSCIELEWSKI had no reasonable cause for believing them to be true.

101. The aforementioned two police officers investigated the allegations made by defendant DIANA CHROSCIELEWSKI while they were at the scene and, finding no probable cause to arrest plaintiff, declined to do so.

102. However, on or about November 18, 2015, defendant DIANA CHROSCIELEWSKI falsely and maliciously filed a report at the 111th Precinct with P.O. Stephanie Tringali, who is not a party to this action, regarding the November 13, 2015 incident.

103. On or about November 20, 2015, defendant DIANA CHROSCIELEWSKI made contact with defendant PHILLIPS and falsely and maliciously informed him that plaintiff had committed the aforementioned acts against her.

104. During defendant PHILLIPS's interview with defendant DIANA CHROSCIELEWSKI on November 20, 2015, defendant DIANA CHROSCIELEWSKI falsely and maliciously informed defendant PHILLIPS that she did not report the November 13, 2015 incident at the time it occurred because she was "shaken up about the incident."

105. Defendant DIANA CHROSCIELEWSKI continued to importune defendants CALIX and PHILLIPS to arrest plaintiff on the false and malicious allegations she made against him.

106. Finally, on November 30, 2015, defendant CALIX did falsely and maliciously arrest plaintiff, charging him with criminal contempt in the second degree, an A misdemeanor; and harassment in the second degree, a violation, all as a result of the aforementioned tortious and improper actions of defendant DIANA CHROSCIELEWSKI.

107. Solely as a result of the false statements made to defendants CALIX and PHILLIPS by defendant DIANA CHROSCIELEWSKI, with the improper intention of having plaintiff arrested, plaintiff was indeed arrested by defendant CALIX.

108. As a result of the false arrest, procured as hereinabove described by defendant DIANA CHROSCIELEWSKI, plaintiff suffered a loss of his liberty, was forced to defend himself in a criminal proceeding, suffered severe mental anguish, lost time and income from his employment, and incurred legal expenses for representation in the prosecution against him.

109. As a result of the aforementioned act of false arrest, procured as hereinabove described by defendant DIANA CHROSCIELEWSKI, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant DIANA CHROSCIELEWSKI.

**AS AND FOR A FIFTH CAUSE OF ACTION
<u>AGAINST DEFENDANT DIANA CHROSCIELEWSKI</u>
(Malicious Prosecution)**

110. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "109" hereinabove as if more fully set forth at length herein.

111. Defendant DIANA CHROSCIELEWSKI intentionally caused plaintiff to be arrested on or about November 30, 2015, on charges of criminal contempt in the

second degree, an A misdemeanor; and harassment in the second degree, a violation, and caused criminal proceedings to be commenced against him for those two offenses.

112. At the time she caused the aforementioned criminal proceedings to be commenced against plaintiff, defendant DIANA CHROSCIELEWSKI did so (a) without any probable cause to do so and (b) solely out of malice directed against plaintiff.

113. Prior to the arrest of plaintiff, defendant DIANA CHROSCIELEWSKI maliciously and intentionally gave false information to defendants CALIX and PHILLIPS, knowing that such information was false.

114. Namely, defendant DIANA CHROSCIELEWSKI falsely and maliciously accused plaintiff of having approached her in a movie theatre in violation of an order of protection and of having walked past her in such a rough manner as to injure her and falsely and maliciously told defendant PHILLIPS that she did not report the November 13, 2015 incident at the time it occurred because she was "shaken up about the incident."

115. On or about December 14, 2015, the prosecution maliciously commenced against plaintiff by defendant DIANA CHROSCIELEWSKI was dismissed by a judge of the Criminal Court of the City of New York, County of Queens.

116. As a result of the prosecution maliciously commenced against him by defendant DIANA CHROSCIELEWSKI, plaintiff suffered a loss of his liberty, was forced to defend himself in a criminal proceeding, lost time and income from his employment, suffered mental anguish and incurred legal expenses for the services of a criminal defense attorney.

117. As a result of the aforementioned act of malicious prosecution, caused as hereinabove described by defendant DIANA CHROSCIELEWSKI, plaintiff has been

damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant DIANA CHROSCIELEWSKI.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST DEFENDANTS FOX, P.O. "JOHN DOE," FAILLA
### and THE CITY OF NEW YORK
### (False Arrest)

118. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "117" hereinabove as if more fully set forth at length herein.

119. On or about December 14, 2015, at approximately 6:00 P.M., in front of the premises 250-03 87th Drive, County of Queens, City and State of New York, defendants FOX and P.O. "JOHN DOE," without probable cause therefor, and acting at the direction of defendant FAILLA, forcibly, wrongfully and unlawfully arrested plaintiff, and, against plaintiff's own free will, caused him to be incarcerated at the stationhouse of the 105th Precinct and at Queens Central Booking.

120. Defendants FOX and P.O. "JOHN DOE" falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having violated an order of protection.

121. At approximately 10:00 A.M. on December 15, 2015, plaintiff was released directly from Queens Central Booking as a result of the Queens County District Attorney's declining to prosecute the aforementioned charges against him.

122. At the time they committed the aforesaid acts of false arrest and false imprisonment, defendants FOX, P.O. "JOHN DOE" and FAILLA were acting within the scope of their employment by defendant CITY OF NEW YORK.

123. By reason of the false arrest and false imprisonment committed against him by defendants FOX and P.O. "JOHN DOE" while they were acting within the scope of their employment by defendant CITY OF NEW YORK, and at the direction of defendant FAILLA, while he was acting in the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered, and continues to suffer, emotional injuries, lost time and income from his employment and incurred legal expenses.

124. As a result of the aforementioned acts of false arrest and false imprisonment committed against him by defendants FOX and P.O. "JOHN DOE," acting at the direction of defendant FAILLA, while they all were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants FOX, P.O. "JOHN DOE" and FAILLA.

WHEREFORE, plaintiff, MARK CHROSCIELEWSKI, demands judgment against defendants, DETECTIVE MILTON CALIX, Shield No. 2736, DETECTIVE JAMES PHILLIPS, Shield No. 6889, DIANA CHROSCIELEWSKI, P.O. MEAGHAN FOX, Shield No. 29327, P.O. "JOHN DOE," SERGEANT LOUIS FAILLA, Shield No. 01400 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant CALIX;

THIRD CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant CALIX;

FOURTH CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant DIANA CHROSCIELEWSKI;

FIFTH CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant DIANA CHROSCIELEWSKI; and

SIXTH CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants FOX, P.O. "JOHN DOE," and FAILLA.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
January 16, 2020

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No: 2345