UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Mark Chroscielewski,

                        Plaintiff,                          **MEMORANDUM & ORDER**
                                                                                     16-CV-06640 (DG) (CLP)

    -against-

Diana Chroscielewski,

                        Defendant.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

        On November 30, 2016, Plaintiff Mark Chroscielewski commenced this action. *See* Complaint, ECF No. 1. On January 16, 2020, Plaintiff filed the operative Amended Complaint. *See* Amended Complaint ("Am. Compl."), ECF No. 48. The Amended Complaint names seven Defendants: Detective Milton Calix, Detective James Phillips, Diana Chroscielewski, P.O. Meaghan Fox, P.O. "John Doe," Sergeant Louis Failla, and The City of New York. The Amended Complaint brings six Causes of Action: (1) violation of 42 U.S.C. § 1983 ("Section 1983") (against Defendants Calix, Phillips, Fox, John Doe, and Failla); (2) False Arrest (against Defendants Calix and The City of New York); (3) Malicious Prosecution (against Defendants Calix and The City of New York); (4) False Arrest (against Defendant Diana Chroscielewski); (5) Malicious Prosecution (against Defendant Diana Chroscielewski); and (6) False Arrest (against Defendants Fox, John Doe, Failla, and The City of New York). *See* Am. Compl. ¶¶ 20-124.[1]

        On March 6, 2020, Defendant Diana Chroscielewski filed an Amended Answer with Counterclaims, in which she asserts five counterclaims against Plaintiff: (1) Malicious

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

1

Prosecution; (2) Intentional Infliction of Emotional Distress; (3) Defamation; (4) Harassment in the Second Degree; and (5) Abuse of Process. *See* Amended Answer with Counterclaims ("Am. Answer"), ¶¶ 137-51, ECF No. 55.

On January 14, 2021, this action was reassigned to the undersigned. *See* January 14, 2021 docket entry. At that time, discovery was ongoing. *See generally* docket.

On May 6, 2022, a settlement conference was held before Magistrate Judge Cheryl L. Pollak. *See* May 11, 2022 Minute Entry. Thereafter, Plaintiff and certain Defendants reached a settlement and requested time to file a stipulation of dismissal, which request was granted. *See* ECF No. 81; May 13, 2022 Order (setting deadline of June 13, 2022); *see also* July 15, 2022 Minute Entry (reflecting that as of status conference on July 14, 2022, stipulation had not yet been filed).

On August 24, 2022, Plaintiff filed a Notice of Voluntary Dismissal with respect to Defendant John Doe. *See* ECF No. 87. On August 25, 2022, the Court entered an Order dismissing this action as against Defendant John Doe, without prejudice, on the basis of the Notice of Voluntary Dismissal. *See* August 25, 2022 Order.

On September 14, 2022, a "Stipulation and Order of Dismissal" was filed reflecting that Plaintiff and Defendants Calix, Phillips, Fox, Failla, and The City of New York had reached a settlement agreement and stipulated and agreed to dismissal of this action with prejudice as against all Defendants except Defendant Diana Chroscielewski. *See* ECF No. 88.[2] On September 15, 2022, the Court entered an Order dismissing this action with prejudice as against

---

[2] A prior version of the "Stipulation and Order of Dismissal" was filed on August 16, 2022. *See* ECF No. 85; *see also* August 17, 2022 Order (stating that the Court "declines to retain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached" between Plaintiff and Defendants Calix, Phillips, Fox, Failla, and The City of New York and directing, *inter alia*, the submission of a revised stipulation of dismissal).

Defendants Calix, Phillips, Fox, Failla, and The City of New York, on the basis of the stipulation. *See* September 15, 2022 Order.

Following the above-referenced dismissals, what remained in this action were two parties – namely, Plaintiff and Defendant Diana Chroscielewski (hereinafter "Defendant"); two claims against Defendant (False Arrest and Malicious Prosecution); and five counterclaims against Plaintiff (Malicious Prosecution, Intentional Infliction of Emotional Distress, Defamation, Harassment in the Second Degree, and Abuse of Process). The remaining claims are not claims as to which the Court has original jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

On May 19, 2023 – after having been granted two extensions – Plaintiff filed a motion for a pre-motion conference in connection with his anticipated motion for summary judgment and filed a Rule 56.1 Statement. *See* ECF Nos. 98, 99; April 22, 2023 Order; May 4, 2023 Order. On June 23, 2023, Plaintiff filed an Amended Rule 56.1 Statement. *See* ECF No. 102; *see also* ECF No. 101 (June 15, 2023 letter indicating that Plaintiff had neglected to include with his motion for a pre-motion conference certain required documents); June 15, 2023 Order; ECF No. 103.

Defendant failed to timely file the required response to Plaintiff's motion for a pre-motion conference. *See* July 5, 2023 Order; *see also* June 7, 2023 Order. Defendant thereafter, *inter alia*: (1) filed a response that did not comply with the undersigned's Individual Practice Rules, *see* ECF No. 105; July 7, 2023 Order; (2) failed to comply with a Court Order directing her to file the documents required by the undersigned's Individual Practice Rules, *see* July 24, 2023 Order; *see generally* docket; and (3) failed to appear for a pre-motion conference scheduled for August 8, 2023, *see* August 9, 2023 Order to Show Cause (noting failure of counsel for Defendant to comply with the Court's July 24, 2023 Order and failure to appear at the August 8,

3

2023 pre-motion conference and ordering counsel to show cause as to why she failed to appear at the conference and why sanctions should not be imposed).

A status conference ultimately was held on September 12, 2023, at which the parties expressed interest in pursuing Court-annexed mediation and the Court indicated that it would refer the parties to mediation. *See* ECF No. 113; *see also* ECF No. 112.

The case thereafter was referred to mediation, *see* September 12, 2023 Order, and the parties – after being granted an extension, *see* October 26, 2023 Order – participated in a mediation session but did not resolve the remaining claims, *see* ECF No. 116 (December 20, 2023 letter referencing November 28, 2023 mediation session).

On March 29, 2024, Plaintiff filed a Motion for Summary Judgment, by which he seeks an order granting summary judgment on his remaining claims and dismissing Defendant's counterclaims. *See* Notice of Motion, ECF No. 120; Memorandum of Law in Support of Motion for Summary Judgment, ECF No. 121; Plaintiff's Amended Local Rule 56.1 Statement, ECF No. 122; Declaration of Susanne Ramkishun, Esq., ECF Nos. 123 (publicly filed), 124 (sealed); Reply in Support, ECF No. 128. Defendant opposes Plaintiff's Motion for Summary Judgment. *See* Memorandum of Law in Opposition to Motion for Summary Judgment, ECF No. 125; Defendant's Local Rule 56.1 Statement, ECF No. 126; Declaration of Attorney Camille Fouche, Esq., ECF No. 127.

In brief, and as relevant here: Plaintiff argues that Defendant "importuned officers from the New York City Police Department to have [Plaintiff] arrested without probable cause" and contends that the counterclaims brought by Defendant were "brought based on incidents [Defendant] fabricated for the purpose of having [Plaintiff] arrested during the pendency of their divorce proceedings," *see* ECF No. 121 at 1, and Defendant argues in response, *inter alia*, that

4

she made accurate statements, that Plaintiff was duly arrested, and that Defendant "perpetuated no malice," *see* ECF No. 125 at 9-11 (capitalization not retained).[3]

\* \* \*

In light of the dismissal of Plaintiff's federal-law claim (the First Cause of Action, brought under Section 1983), and as set forth more fully below, the Court declines at this stage to exercise supplemental jurisdiction over the remaining claims and those claims are dismissed without prejudice to the parties pursuing any appropriate relief in state court. *See* 28 U.S.C. § 1367(c)(3).

## DISCUSSION

### I. Applicable Law

Title 28, United States Code, Section 1367(a) provides, as relevant here, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." District courts may, however, decline to exercise supplemental jurisdiction over such other claims if "the district court has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). "Courts 'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise' supplemental jurisdiction." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Supreme Court has recognized that "in the usual case in

---

[3] The Amended Complaint alleges that "[a]t all times relevant hereto, plaintiff was married to, but estranged from," Defendant. *See* Am. Compl. ¶ 15.

which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *See Cohill*, 484 U.S. at 350 n.7.

The "decision to retain jurisdiction is discretionary and not a litigant's right." *See TADCO Const. Corp. v. Dormitory Auth. of N.Y.*, No. 08-CV-00073, 2014 WL 4662139, at *4 (E.D.N.Y. Sept. 18, 2014) (quoting *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 263 (2d Cir. 2006)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

## II. The Court Declines to Exercise Supplemental Jurisdiction Over the Claims Remaining in this Action

As noted above, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *See Cohill*, 484 U.S. at 350 n.7.  Such is the case here.

Here, the only federal-law claim (the First Cause of Action, brought under Section 1983) has been dismissed and considerations of judicial economy, convenience, fairness, and comity weigh in favor of the Court declining to exercise jurisdiction over the remaining claims – which now involve only one plaintiff and one defendant and which stem from the two parties' domestic dispute(s).

Indeed, principles of comity and judicial economy counsel *heavily* in favor of declining to exercise supplemental jurisdiction here.  Declining to exercise supplemental jurisdiction would avoid needless decisions of state law and would allow the state courts to decide state-law claims.  Further, although this case was filed in 2016, the operative Amended Complaint was not filed until 2020; the case was not reassigned to the undersigned until 2021; the undersigned has

6

had occasion to schedule only two conferences in this action, one of which Defendant failed to appear for and one of which resulted in the case being referred to mediation; the undersigned has not issued any opinion on a substantive motion – *e.g.*, a motion to dismiss; and this case is not on the eve of trial, given that decision on the summary judgment motion – which would require the Court to decide issues of state law – would first need to be issued and, thereafter, *inter alia*, a proposed Joint Pretrial Order would need to be prepared and filed as to any claims that survive summary judgment.

  Considerations of fairness and convenience also counsel in favor of declining to exercise supplemental jurisdiction here. Notably, each party bears responsibility for certain delays in this case – through, for example, seeking and/or consenting to extensions/adjournments; failing to comply with applicable rules/Court Orders; and/or failing to appear for a conference. *See generally* docket. Moreover, the parties will not be prejudiced by the operation of a time bar here. *See* 28 U.S.C. § 1367(d) (providing for tolling of the limitations period "while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period"); *see also* N.Y. C.P.L.R. § 205(a). And the discovery in this action could be used in connection with proceedings in state court – as could the parties' work product with respect to summary judgment briefing.

  Although relevant considerations counseled in favor of the Court exercising supplemental jurisdiction while the parties tried to resolve their remaining disputes through mediation – and before then, at the stage where the action was being narrowed by voluntary dismissal – courts consider and weigh "*at every stage of the litigation*[] the values of judicial economy, convenience, fairness, and comity," *see Lundy*, 711 F.3d at 117-18 (quoting *Cohill*, 484 U.S. at 350) (emphasis added). Having at this stage considered and weighed the values of judicial

7

economy, convenience, fairness, and comity – now with the benefit of the parties' briefing on summary judgment, which highlights the various state-law issues to be decided – the Court concludes that declining to exercise supplemental jurisdiction is appropriate at this time. *See, e.g.*, *Chenensky v. New York Life Ins. Co.*, 942 F. Supp. 2d 388, 391-96 (S.D.N.Y. 2013) (discussing caselaw regarding judicial economy, convenience, fairness, and comity; declining to exercise supplemental jurisdiction notwithstanding that case was five years old and court had ruled on summary judgment motions; and noting, *inter alia*, that the parties' "dilatory practices" had impeded case progress, that the case was not on the eve of trial, that the discovery in the action could be used in state court, that state judges are the best arbiters of state law, and that when plaintiff brought his state-law claims in federal court, he must have realized that the jurisdiction he invoked was possibly tentative); *Allard v. Arthur Andersen & Co. (U.S.A.)*, 957 F. Supp. 409, 424-25 (S.D.N.Y. 1997) (granting in 1997 defendants' motion for summary judgment dismissing remaining federal claim and declining to retain supplemental jurisdiction over remaining state-law claims, where case was "pending for an alarmingly long time" – well over a decade – but transferred to judge's docket only in 1994, noting, *inter alia*, that there had not been numerous conferences and hearings before the judge and that the judicial investment before 1994 "is irretrievably lost;" that the "voluminous discovery" taken would not be wasted and would be available for use in state court; and that the case was not on the eve of trial and that what remained included "the crafting of a pretrial order"); *Eisenhauer v. Culinary Inst. of Am.*, No. 19-CV-10933, 2024 WL 1833601, at *3-4 (S.D.N.Y. Apr. 26, 2024) (declining in 2024 to exercise supplemental jurisdiction in case filed in 2019, noting, *inter alia*, that the judge – to whom the case had been reassigned from another judge (who had decided the parties' cross-motions for summary judgment) – "has no more familiarity with the facts and legal issues of the case than

8

any state court judge would have at this stage of the proceedings"); *Kneitel v. Silvery,* No. 15-CV-06811, 2018 WL 526486, at *6 (E.D.N.Y. Jan. 22, 2018) (declining to exercise supplemental jurisdiction over state-law claims after all federal claims were dismissed, noting that there was no gain in judicial economy to be achieved by retaining the claims, as the court's involvement with the case had been limited to two opinions addressing only dismissal of claims based on the pleadings, and that declining to exercise supplemental jurisdiction would not inconvenience the parties or unfairly disadvantage any of them because, *inter alia*, all of the parties either resided or were employed in New York and it would not be difficult to refile and defend the case in state court); *TADCO*, 2014 WL 4662139, at *4-7 (in 2014 decision in case filed in 2008, discussing and applying *Cohill* factors and declining to exercise supplemental jurisdiction over state claims after federal claims were dismissed, noting, *inter alia*, that state courts are the best arbiters of state law); *see also Gibbs*, 383 U.S. at 726 (stating that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law"); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305-06 (2d Cir. 2003).

## CONCLUSION

For the reasons set forth above, the Court declines to exercise supplemental jurisdiction and the remaining claims in the Amended Complaint, *see* ECF No. 48, and Defendant Diana Chroscielewski's counterclaims, *see* ECF No. 55, are DISMISSED without prejudice to the parties pursuing any appropriate relief in state court. *See* 28 U.S.C. § 1367(c)(3).

The Clerk of Court is directed to enter judgment accordingly and to close the case.

SO ORDERED.

                                                      */s/ Diane Gujarati*
                                                      DIANE GUJARATI
                                                      United States District Judge

Dated: December 12, 2024
        Brooklyn, New York

10